# Iowa Supreme Court
## Attorney Disciplinary Board

515-281-5174
Phone: ~~515-725-8017~~
Fax: 515-725-8013

Iowa Judicial Branch Building
1111 East Court Avenue
Des Moines, IA 50319-5003

**CHARLES L. HARRINGTON**
ADMINISTRATOR, ATTORNEY
DISCIPLINARY BOARD
ASSISTANT DIRECTOR, OPR

September 30, 2014

PERSONAL AND CONFIDENTIAL

Stuart Dornan
Attorney at Law
1403 Farnam Street, Ste. 232
Omaha, NE 68102

Re:   Our File No.:  2014-154
      Complainant:  Ronald Gene Weaver, Jr.
      Respondent:   Stuart Dornan

Dear Mr. Dornan:

The above complaint filed against you came on for consideration by the Board at its recent hearing meeting.

The Board found that the federal court held you ineffective in representing complainant in two separate criminal cases. In one case you were ineffective at sentencing for failing to object to the improper use of certain prior convictions as a basis for an enhanced sentence. In the other case you were ineffective for neglecting to file a motion for new trial.

In response to the complaint you noted that the prosecutor, the sentencing judge, and complainant's previous counsel also failed to recognize that two of complainant's prior convictions did not qualify as predicates for finding him to be an armed career criminal. The conduct of others, however, would not excuse your own violation of the Rules of Professional Conduct.

Moreover, a prosecutor does not have the same obligation as defense counsel to diligently pursue possible defenses. As for the judge, our supreme court has noted that "busy trial judges cannot be expected to do counsel's preparation for them and … they must rely on counsel to point out issues that are not readily apparent…" *State v. Schoelerman*, 315 N.W.2d 67, 72 n.1 (Iowa 1982). Complainant's previous counsel withdrew over two months prior to sentencing in the case. The Board could only speculate whether he would or would not have recognized the problem and challenged the enhanced sentence had he continued to serve as complainant's counsel.

Exhibit #2

Dornan Letter
Page 2

    Although a single, isolated mistake by defense counsel might not rise to the level of ethical misconduct, you were found ineffective twice. The Board concluded that your failures to object and to move for new trial constituted misconduct in violation of Iowa R. Prof'l Conduct 32:1.3 (lawyer shall represent client with reasonable diligence).

    It was the determination of the Board that you be, and hereby are, admonished for violating rule 32:1.3.

    In accordance with rule 34.11(3) of the Rules of Procedure of this Board, you are notified you may file exception to this admonition within 30 days of the date of this letter.

                                      FOR THE IOWA SUPREME COURT
                                      ATTORNEY DISCIPLINARY BOARD

CLH/slc

Exhibit #2

- The committee may take appropriate action by sending a confidential letter to the lawyer. A Letter of Caution is sent when the committee is of the opinion that the attorney acted in a manner which, while not constituting clear professional misconduct, involved behavior requiring comment. An Admonition is issued in those cases in which the committee finds that the lawyer committed clear professional misconduct that was not sufficiently serious to warrant the commencement of a formal disciplinary proceeding.

A Letter of Admonition is a form of non-public discipline

issued by the Committee which declares the conduct of the lawyer improper, but does not limit

the lawyer's right to practice. Admonition is the least serious of the formal disciplinary

sanctions, and is the only private sanction. See, Rule of Appellate Division, Fourth Dep

2.6 Admonition

Admonition, also known as private reprimand, is a form of non-public discipline which declares the

conduct of the lawyer improper, but does not limit the lawyer's right to practice.

2.7 Probation

Probation is a sanction that allows a lawyer to practice law under specified conditions. Prob

Exhibit #2

**Rule 34.11 Hearing-meetings.** Hearing-meetings shall be held at least quarterly and may be held telephonically. A majority of the board shall constitute a quorum. The chair, or the chair's designee, shall see to the preparation of a record of such meetings which shall become a part of the permanent files of the supreme court. Any evidence taken shall be under oath or affirmation and may be made of record. Upon completion of the consideration of any matter before the board, the members, by majority vote of those present, shall do one of the following:

34.11(1) Continue the matter.

34.11(2) Dismiss the complaint and notify the complainant and the respondent.

34.11(3) Admonish the lawyer, who shall be notified in writing that the lawyer has 30 days from the date of mailing thereof to file exceptions with the administrator of the board, who shall then refer the admonition to the board, which may dismiss, admonish, reprimand, or file a formal complaint with the grievance commission. In cases of admonition, the board shall notify the complainant of the board's opinion concerning the matter and its communication with the lawyer involved.

34.11(4) Reprimand the lawyer and file the reprimand as provided in Iowa Ct. R. 35.3.

34.11(5) File a complaint before the Grievance Commission of the Supreme Court of Iowa and prosecute the complaint to final determination. [Court Order December 12, 1974; October 20, 1982; February 9, 1983; October 30, 1985, effective November 1, 1985; December 28, 1989, effective February 15, 1990; December 15, 1994, effective January 3, 1995; November 9, 2001, effective February 15, 2002; April 20, 2005, effective July 1, 2005]

**Rule 34.12 Order for mental or physical examination or treatment.**

34.12(1) *Order requiring examination or treatment.* An attorney who is licensed to practice law in the state of Iowa is, as a condition of licensure, under a duty to submit to a mental or physical examination or subsequent treatment as ordered by the Iowa Supreme Court Attorney Disciplinary Board. The board may order the examination or treatment based upon a showing of probable cause to believe the attorney is suffering from a condition that currently impairs the attorney's ability to discharge professional duties. The board may order that the examination or treatment be at the attorney's expense.

34.12(2) *Show cause hearing.* Before the board may order an attorney to submit to examination or treatment, it shall schedule a hearing to permit the attorney to show cause why the order should not be entered. At least three members of the board shall participate in the hearing. At the hearing, the board's staff counsel shall first present evidence of probable cause supporting the need for evaluation or treatment. The attorney may then respond to the board's showing and rebut the board's claim that the evaluation or treatment is necessary. The hearing shall be informal and rules of evidence shall not be strictly applied. Following the hearing, the board, by majority vote, shall either dismiss the matter or enter an order requiring the examination or treatment.

34.12(3) *Content of order.* The board's order for mental or physical examination or treatment shall include all of the following terms:

   *a.* A description of the type of examination or treatment to which the attorney must submit.

   *b.* The name and address of the examiner or treatment facility that the board has identified to perform the examination or provide the treatment.

   *c.* The time period in which the attorney must schedule the examination or enter treatment.

   *d.* The amount of time in which the attorney is required to complete the examination or treatment.

   *e.* A requirement that the attorney cause a report or reports of the examination or treatment results to be provided to the board within a specified period of time.

   *f.* A requirement that the attorney communicate with the board regarding the status of the examination or treatment.

   *g.* A provision allowing the attorney to request additional time to schedule or complete the examination or to request that the board approve an alternative examiner or treatment facility. The board shall, in its sole discretion, determine whether to grant such a request.

34.12(4) *Review.* An attorney who disagrees with the board's order may seek review from the supreme court. The attorney may do so by filing nine copies of a petition for review with the clerk of the supreme court and serving one copy of the petition on the board within seven days after receipt of the board's order. The board may file nine copies and serve one copy of a response to the petition within seven days after service of the petition. The matter shall be promptly set for hearing before one or more justices of the supreme court. The board's order is stayed upon the filing of the petition for review.

34.12(5) *Hearing.* At the hearing on the petition, the board shall present evidence of probable cause supporting its order and the necessity for the evaluation or treatment. The attorney may then respond to the board's showing and rebut the board's claim that the evaluation or treatment is necessary. The hearing shall be informal and rules of evidence shall not be strictly applied. Following the hearing, the court may affirm, vacate, or modify the board's order or may enter such order as the circumstances warrant.

34.12(6) *Failure to submit.* The failure of an attorney to submit to the evaluation or treatment ordered by the board under this rule may be grounds for discipline through the normal disciplinary process.

34.12(7) *"Condition."* For purposes of this rule, "condition" means any physiological, mental or psychological condition, impairment or disorder, including drug or alcohol addiction or abuse.

34.12(8) *Confidentiality.* All records, papers, proceedings, meetings, and hearings filed or conducted under this rule shall be confidential, unless otherwise ordered by the supreme court. [Court Order April 20, 2005, effective July 1, 2005]

Exhibit #2