IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:21CR-579-DLF |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **SUBSTANTIAL ASSISTANCE** |
| | ) | **SENTENCING MEMORANDUM** |
| BRANDON STRAKA, | ) | |
| | ) | **(Filed Under Seal)** |
| Defendant. | ) | |

COMES NOW the Defendant, Brandon Straka, through his attorney, Stuart J. Dornan, and submits the following information regarding Defendant's Substantial Assistance.

### I. LAW

Under §5K1.1 of the Federal Sentencing Guidelines, if a defendant provides substantial assistance to the authorities in the investigation or prosecution of another person who has committed an offense, under the motion of the government, the sentencing Court may depart from the Guidelines. The Guideline states in pertinent part:

(a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:
(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
(3) the nature and extent of the defendant's assistance;
(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
(5) the timeliness of the defendant's assistance.

Even if the Government does not file a motion for departure under the auspices of § 5K1.1, the cooperation can still be considered by the Court under 18 U.S.C. § 3553(a). *See United States v. Robinson*, 741 F.3d 588, 599 (5th Cir. 2014) ("We now join our sister circuits in

1

expressly holding that a sentencing court has the power to consider a defendant's cooperation under § 3553(a), irrespective of whether the Government files a § 5K1.1 motion"); *United States v. Truman*, 304 F.3d 586 (6th Cir. 2002) (district court erred in failing to consider downward departure under § 5K2.0 where defendant arrested for theft of large quantities of controlled substances from a lab subsequently provided information that led to upgrades in the security procedures used by the lab, even in the absence of a government motion for cooperation based on §5K1.1); *United States v. Castellanos*, 2008 WL 5423858 (D. Neb. Dec. 29, 2008) (although the defendant fled the jurisdiction and lost a potential substantial assistance departure, her cooperation with law enforcement, among other factors, merited a sentence of 180 months rather than the Guidelines sentence of 360 months to life). *See also* U.S. SENTENCING COMM'N, 2020 ANNUAL REPORT AND SOURCEBOOK OF FEDERAL SENTENCING STATISTICS, Table 44 (reporting that in the fiscal year 2020 district courts gave variances for cooperation 722 times without a government motion).

## II. ANALYSIS

### A. Timeliness

Mr. Straka participated in three interviews with the Government: the first of which was only three weeks after his arrest. The second interview took place on March 5, 2021, and the third interview took place on January 5, 2022.

### B. Truthfulness, Completeness, and Reliability

There is no indication that Mr. Straka was not truthful, complete, and reliable concerning information that he provided to the Government.

### C. Nature & Extent

Within three weeks of Mr. Straka's arrest, he agreed to be interviewed by the FBI; the first interview resulted in an eleven-page report where Mr. Straka answered all questions truthfully and gave a comprehensive overview of everything asked of him concerning the breadth of the Government's investigation regarding January 6, 2021. The day after the interview, he forwarded sixteen videos that pertained to January 6 at the Capitol, as well as contact information concerning ten individuals.

He further engaged in a follow-up interview on March 5, 2021 where he provided information about individuals who were inside of Nancy Pelosi's office; individuals who were inciters at the Capitol; and organizers of the Stop the Steal movement.

His third interview was provided on January 5, 2022 immediately after he obtained information concerning the identity of an individual who participated in criminal activity on January 6, 2021.

The amount of time and hours spent by Mr. Straka in cooperating is substantial. An estimate of the time spent would be in the neighborhood of 4-5 hours just spent interviewing—plus the time that it took for Mr. Straka to compile, upload, and send all requested information to the Government.

On information and belief, Mr. Straka positively identified Gavin Crowl as an individual who participated in January 6. Mr. Crowl's identity had not been previously provided by anyone to Law Enforcement for almost eleven months. Mr. Crowl is a convicted Sex Offender who has been placed on the Sex Offender Registry in Nebraska. His identity was confirmed by using information provided on the Sex Offender Registry, and by cross-referencing public information from his LinkedIn profile with information he provided in an Internet interview with Bobby

Powell, a Government-identified "insurrectionist advocate". This individual can be heard encouraging the crowd to take the shield of the officer in the video recorded by Mr. Straka. Other video information provided by Mr. Straka shows this individual moving toward entering the Capitol before he was stopped. It is unknown whether this individual actually did enter the Capitol Building; and what other criminal activity he participated in.

Mr. Straka also provided a recording of an interview this individual engaged in with an online show host, wherein he admitted to participating in criminal activity at the Capitol to the talk show host. In that interview, video confirms his activity at the Capitol. Additionally, the talk show host admits to being at the Capitol on January 6.

On information and belief, this video interview had not been discovered by Law Enforcement.

Lastly, counsel further believes that the information provided by Mr. Straka is sufficient to convict Mr. Crowl without the necessity of further cooperation by Mr. Straka.

**D.  Danger or Risk to Defendant**

The individual identified by Mr. Straka lives forty-five miles away per his address as reflected on the Sex Offender Registry. This violent sex offender, if he learns of Mr. Straka's cooperation in identifying him (which would be the primary reason for any subsequent arrest and prosecution) has a predatory and aggressive history, which could easily result in retaliation against Mr. Straka or his family. Mr. Straka has been the subject of numerous news articles and Internet criticism, elevating his status nationally as a cooperator above the standard cooperator in this type of case.[1]

---

[1] Examples of such articles include: https://omaha.com/news/local/crime-and-courts/omaha-man-who-pleaded-guilty-in-capitol-riot-cooperating-with-investigators/article_f8fabc58-5fa4-11ec-b47c-5f1ff4a3e141.html; https://www.politico.com/news/2021/12/17/trump-ally-brandon-straka-information-525272;

### E. Court's Evaluation of Defendant's Cooperation

As reflected in the Government's Sealed Supplement to Sentencing Memorandum, Mr. Straka provided significant information. The following information includes both information provided in the Government's Sealed Supplement to Sentencing Memorandum; and also other information provided by Mr. Straka that was not included in the Memorandum:

- Information about Ali Alexander, who is viewed by many as the preeminent leader of the Stop the Steal movement. Mr. Alexander may have had direct contact with the Executive Branch of government and other government officials who are sympathetic to the Stop the Steal movement concerning the orchestration of events leading up to January 6.

- Information that confirmed the status of Stop the Steal members Amy Kremmer, Kylie Kremmer, and Cindy Chafian.

- Information concerning Simone Gold, a rabid Stop the Steal supporter, who has been charged in a five-count indictment, which includes a violation of 18 U.S.C. 1512(c)(2) Obstruction of an Official Proceeding and Aiding and Abetting; and a violation of 18 U.S.C. 1752(a)(1); Entering and Remaining in a Restricted Building or Grounds. Allegedly, Ms. Gold was involved in entering the Capitol. This information apparently either has been provided in discovery or will be provided in discovery.

---

https://metro.newschannelnebraska.com/story/45497522/delay-in-nebaskans-capitol-riot-case-appears-to-be-cooperating-with-prosecutors;

- Information that Elijah Schaffer was inside of Nancy Pelosi's office that is currently being investigated. It is unknown whether any other information has been discovered by the Government concerning this lead.

- Information concerning Kristopher Dreww about potential criminal activity at the Capitol.

- Contact information regarding the following members of the Stop the Steal text thread, to include: Ali Alexander, Michael Coudrey, Scott Presler, Ashley St. Clair, Nathan Martin, Courtney Holland, Megan Barth, CJ Pearson, Ryan Fournier, and another telephone number unknown to Mr. Straka.

- Additional information concerning Michael Coudrey, Scott Presler, Ashley St. Clair, Courtney Holland, Megan Barth, CJ Pearson, and Ryan Fournier, Amy and Kylie Kremmer, Cindy Chafian, Alex "Bruisewitz" (spelling unknown), Crystal (LNU) (an organizer and logistics person involved in rallies for President Trump), and Jenny Beth Martin; as well as information about specific rallies held in the months prior to January 6, was provided during Brandon's third interview.

- Information on Gavin Crowl, a previously unidentified participant in January 6; as well as a recorded interview between Gavin Crowl and Bobby Powell, who the Government depicts as an "insurrectionist advocate".

## III. CONCLUSION

Mr. Straka has turned the page by providing information concerning criminal activity on January 6 on three separate occasions; and has suffered significant damage to his reputation as a result. Furthermore, such action is indicative of his support for law enforcement and the rule of

law; and no term of probation is necessary to monitor his life activities as he moves forward in putting this matter to rest.

For the reasons and authorities set forth above, the Defendant, Brandon Straka, respectfully requests that the Court consider the Substantial Information provided in fashioning a sentence of credit for time served, community service hours, and an order for restitution of $500.00.

                                  BRANDON STRAKA., Defendant

By:    *s/Stuart J. Dornan*
         STUART J. DORNAN, #18553
         Attorney for Defendant
         Dornan, Troia, Howard, Breitkreutz
         Conway & Dahlquist, PC LLO
         1403 Farnam Street, Suite 232
         Omaha, Nebraska 68102
         (402) 884-7044 (phone)
         stu@dltlawyers.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2022, I electronically filed the foregoing document with the Clerk of the District Court using the CM/ECF system which sent notification of such filing to the following:

N/A – Filed Under Seal

and I hereby certify that I have electronically mailed the document to the following non CM/ECF participants:

Brittany L. Reed, Assistant United States Attorney
April Russo, Assistant United States Attorney
Jessica Reichler, United States Pretrial Services and Probation Officer

                                  *s/Stuart J. Dornan*
                                  STUART J. DORNAN, #18553
                                  Attorney for Defendant